[No. G001401. Fourth Dist., Div. Three. June 22, 1984.]

SADDLEBACK COMMUNITY HOSPITAL, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
BRETT HARVEY, a Minor, et al., Real Parties in Interest.

**COUNSEL**

Moore, Graves & Madory, Richard P. Booth, Jr., Horvitz & Levy, Barry R. Levy and David M. Axelrad for Petitioner.

No appearance for Respondent.

Levinson, Rowen, Miller, Jacobs & Kabrins and Marvin D. Rowen for Real Parties in Interest.

**OPINION**

**SONENSHINE, J.**—Brett Harvey, by and through his guardian ad litem, Michael Harvey, and Michael Harvey filed an action against Saddleback

Community Hospital (Hospital), 2 doctors and 100 Doe defendants, seeking damages and medical expenses for mishandling of Brett's fractured femur. The hospital was subsequently served with a request to produce "all original personnel files [of anyone performing medical or hospital service on Brett during his stay] . . . from the time of each such person's contact with [the hospital] for employment, in any capacity to the present [except those involving compensation]." The Harveys' motion to compel was denied by the court "without prejudice to plaintiff's framing and serving a narrower request."

A motion for reconsideration was accompanied by a detailed list of requested documents[1] relating to approximately 37 individuals. The court tentatively denied the motion, Hospital submitted and its counsel departed. Following subsequent ex parte argument by the Harveys' counsel, the court ordered production of the files as specified. Hospital's motions to reconsider (pursuant to Evid. Code, § 1157 and the constitutional right to privacy) and for a protective order were denied. ■ We conclude the trial court erred in allowing blanket inspection of the requested files.

■ In *Matchett* v. *Superior Court* (1974) 40 Cal.App.3d 623 [115 Cal.Rptr. 317], the court recognized "[s]ection 1157 represents a legislative choice between competing public concerns. It embraces the goal of medical staff candor [in appraising their peers to improve the quality of in-hospital medical practice] at the cost of impairing plaintiffs' access to evidence [revealing the competency of a hospital's staff]." (*Id.*, at p. 629.)

The immunity contained in section 1157, however, protects proceedings and records of described staff committees, not "the files of the hospital

---

[1]"Specifically, plaintiffs requested the following documents from each personnel file:
"(a) Employment applications;
"(b) Resumes and letters of recommendation or evaluation;
"(c) Inquiries concerning verification of employment applications and all responses thereto;
"(d) Tests given to the employees and all results thereof;
"(e) Evaluations, reviews, critiques and ratings;
"(f) Complaints and all responses thereto;
"(g) Commendations or awards;
"(h) Any evidence of training and/or education;
"(i) Any indicia of authority to render services (licenses, etc.);
"(j) Writings concerning promotions or the denial thereof;
"(k) Writings concerning demotions, reassignments, or transfers;
"(l) Writings concerning discipline, suspensions, dismissals and/or reprimands;
"(m) Medical and psychiatric histories;
"(n) Schedules, work loads, shift assignments, and writings concerning vacation or absenteeism; and
"(o) All other writing pertaining to work performance."

administration (as distinguished from staff)." (*Id.,* at p. 628.) And these administrative records are discoverable only to the extent they do not contain references to the immune proceedings. ■ To protect both parties in this instance, there must be an *in camera* hearing by the trial court, reviewing each item of evidence requested and acting "upon those portions of petitioner's pretrial discovery motion which are directed only at hospital administration files not resulting from [any] investigation conducted by [an] advisory board." (*Schulz* v. *Superior Court* (1977) 66 Cal.App.3d 440, 447 [136 Cal.Rptr. 67]; *Henry Mayo Newhall Memorial Hosp.* v. *Superior Court* (1978) 81 Cal.App.3d 626 [146 Cal.Rptr. 542].)

Saddleback is further entitled to raise the privacy interests of its nonphysician medical staff, unnamed in the complaint but revealed through answers to interrogatories. (*Board of Trustees* v. *Superior Court* (1981) 119 Cal.App.3d 516 [174 Cal.Rptr. 160].) ■ Even where a compelling state interest in the "ascertainment of truth in connection with legal proceedings" (*Jones* v. *Superior Court* (1981) 119 Cal.App.3d 534, 550 [174 Cal.Rptr. 148]) outweighs an individual's right to privacy, the compelled disclosure must be narrowly drawn—precision is required. (*Britt* v. *Superior Court* (1978) 20 Cal.3d 844 [143 Cal.Rptr. 695, 574 P.2d 766].) ■ "[W]here an exception to a privilege depends on the content of a communication, the court may require disclosure *in camera* in making its ruling." (*Mavroudis* v. *Superior Court* (1980) 102 Cal.App.3d 594, 606 [162 Cal.Rptr. 724] [psychiatric records]; *In re Lifschutz* (1970) 2 Cal.3d 415, 437, fn. 23 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d] [suggesting disclosure ex parte in chambers]; *Valley Bank of Nevada* v. *Superior Court* (1975) 15 Cal.3d 652, 658 [125 Cal.Rptr. 553, 542 P.2d 977] [bank records].)

■ We do not (and cannot) decide the discoverability of any particular items requested. "As further issues of [immunity,] privilege and privacy arise through implementation of the court's order [to produce], the trial court will be in the best position to assess the competing interests and to exercise its broad discretion in discovery matters in accordance with applicable principles." (*Jones* v. *Superior court, supra,* 119 Cal.App.3d 534, 552.)

Let a peremptory writ of mandate issue directing the trial court to vacate its order denying Saddleback Community Hospital's motion for protective order and to enter an order granting the requested production of documents only if countenanced by the court after an ex parte *in camera* hearing conducted in accord with the dictates of this opinion.

The Harveys' request for attorney's fees is denied.

Wallin, Acting P. J., and Crosby, J., concurred.