[No. C000774. Third Dist. Feb. 19, 1987.]

EL DORADO SAVINGS & LOAN ASSOCIATION et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; MARY JOYCE SAVOCA et al., Real Parties in Interest.

COUNSEL

Hubbert, Shanley & Lee and Robert L. Rediger for Petitioners.

No appearance for Respondent.

Wilcoxen & Callahan and Susan A. Collier for Real Parties in Interest.

OPINION

PUGLIA, P. J.—Petitioners seek a prerogative writ to nullify the order of respondent superior court granting the motion of real parties in interest to compel production of the personnel file of petitioner Kenneth T. Morris.

Real parties in interest (hereafter plaintiffs) are former employees of petitioner El Dorado Savings & Loan Association. They commenced the underlying action in respondent court, alleging that during the course of their employment they were discriminated against on the basis of gender and age. The only defendant named in the complaint is petitioner El Dorado Savings & Loan Association (hereafter defendant or El Dorado). Petitioner Morris is not a party to the action. In discovery proceedings, plaintiffs sought production of any and all personnel records relating to petitioner Morris, who was also an employee of defendant El Dorado. El Dorado refused to produce the personnel file, asserting, inter alia, that production would violate Morris's right of privacy.

Plaintiffs filed a motion to compel production, and respondent court ordered El Dorado to produce the entire personnel file of Morris on or before November 10, 1986.

On October 28, 1986, petitioners filed the instant petition for writ of mandate or prohibition. Plaintiffs filed opposition to the petition on October 31. On November 6, we restrained respondent court from enforcing its order compelling production pending further order of this court, and we notified the parties that we were considering a peremptory writ in the first instance and that any further opposition to the petition was to be filed on or before November 20, 1986. Plaintiffs timely filed supplemental opposition. We shall issue a peremptory writ of mandate.

■ Preliminarily, we note that the rule disfavoring review of discovery orders by prerogative writ is not applicable to the instant case because petitioners here assert that to compel production of the personnel file would

violate a privilege. (See, e.g., *Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739]; *Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 335-336 [107 Cal.Rptr. 309, 508 P.2d 309].)

■ We next address plaintiffs' contention that petitioners lack standing to seek the writ because petitioner Morris failed to preserve his objection in the trial court. Although opposition to the motion to compel production was not expressly filed on behalf of petitioner Morris, counsel for El Dorado submitted opposition and sent plaintiffs' counsel a letter advising that he represented Morris and that Morris refused to produce the personnel file. Also, that same attorney filed the instant petition on behalf of both El Dorado and Morris. Under these circumstances, we conclude that Morris has not waived his right to contest compelled production of his personnel file. Moreover, the personnel file may contain information which El Dorado has an interest in keeping confidential, and, in the proceedings before respondent court, plaintiffs did not challenge El Dorado's standing to oppose compelled disclosure of the personnel file. We proceed to the merits of the petition.

■ Article I, section 1, of the California Constitution secures to all people the right of privacy. The "'inalienable right' of privacy is a 'fundamental interest' of our society, essential to those rights ' " 'guaranteed by the First, Third, Fourth, Fifth and Ninth Amendments to the U.S. Constitution.' " ' " (*Board of Trustees* v. *Superior Court* (1981) 119 Cal.App.3d 516, 524-525 [174 Cal.Rptr. 160], quoting *City of Santa Barbara* v. *Adamson* (1980) 27 Cal. 3d 123, 130 [164 Cal.Rptr. 539, 610 P.2d 436, 12 A.L.R.4th 219], quoting *White* v. *Davis* (1975) 13 Cal.3d 757, 775-775 [120 Cal.Rptr. 94, 533 P.2d 222].) However, "The constitutional right of privacy is not absolute; it may be abridged to accommodate a compelling public interest. [Citations.] One such interest, evidenced by California's broad discovery statutes, is ' "the historically important state interest of facilitating the ascertainment of truth in connection with legal proceedings." ' [Citation.] When an individual's right of privacy in his ... affairs conflicts with the public need for discovery in litigation, the competing interests must be carefully balanced. [Citation.]" (*Moskowitz* v. *Superior Court* (1982) 137 Cal.App.3d 313, 316 [187 Cal.Rptr. 4].)

■ Although plaintiffs acknowledge the personnel records of petitioner Morris are protected by the right of privacy, they contend that disclosure is necessary to facilitate prosecution of their employment discrimination action. According to plaintiffs, Morris is the only male employed by El Dorado in the same capacity as plaintiffs and Morris received compensation and benefits not afforded to plaintiffs ostensibly because he and plaintiffs are not similarly situated. Plaintiffs assert that "Only ... by obtaining Morris' personnel file can [they] impeach or undermine [El Dorado's] claim and vindicate their civil rights."

■ However, "In the context of discovery of confidential information in personnel files, even when such information is directly relevant to litigation, discovery will not be permitted until a balancing of the compelling need for discovery against the fundamental right of privacy determines that disclosure is appropriate. [Citation.] And, even when the balance tips in favor of disclosure, constitutional concerns require a strict circumspection of the scope of the disclosure. [Citation.]" (*Cutter* v. *Brownbridge* (1986) 183 Cal.App.3d 836, 843 [228 Cal.Rptr. 545].)

■ Here, the record is inadequate to support a conclusion that disclosure of the *entire* personnel file of Morris is justified. First, consideration should be given to whether less intrusive means, such as deposing Morris and others, will yield the information sought. Second, even if it is determined there are no means less intrusive upon Morris's privacy to satisfy plaintiffs' legitimate need for relevant information, it is by no means established that the entire file is relevant to plaintiffs' employment discrimination action. In that event, respondent court should first examine the file in camera and order disclosure of only that information which might be relevant to the lawsuit. (Cf. *Saddleback Community Hospital* v. *Superior Court* (1984) 158 Cal.App.3d 206, 209 [204 Cal.Rptr. 598].)

The parties have been advised we are considering the issuance of a peremptory writ of mandate in the first instance, and have been afforded an opportunity to oppose such action. We may therefore dispense with an alternative writ and render our decision forthwith. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order granting plaintiffs' motion to compel production of the entire personnel file of petitioner Kenneth T. Morris, and to take such further proceedings consistent with this opinion as the justice of the case might require. Upon this decision becoming final, the stay previously issued is vacated.

Blease, J., and Sparks, J., concurred.