Feivel GOTTLIEB, Thomas R. Bloom, Leroy B. Mott, Marialice Mott, Kim Coles, Rosemary T. Martin, Kirk Martin, and Mark G. Cucarola, On Behalf of Themselves And All Others Similarly Situated, Plaintiffs,

v.

Q.T. WILES, Gerald W. Goodman, William R. Hambrecht, Gary E. Koening, Russell E. Planitzer, Paul N. Risinger, Patrick J. Schleibaum, Jesse C. Parker, William D. Lorea, Owen Taranta, Kenneth A. Huff, Warren Perry, Hambrecht & Quist Group, Hambrecht & Quist Venture Partners, Coopers & Lybrand, J.H. Whitney & Co., J.H. Whitney Associates, Coopers & Lybrand (Singapore), Coopers & Lybrand (Hong Kong), Phoenix Venture (BVI) Limited, H & Q Ventures International C.V., H & Q Ventures IV, William R. Hambrecht and Sara Hambrecht, as Trustees of the Hambrecht 1980 Revocable Trust, Q.T. Wiles Investment Joint Venture I, J.F. Shea Co., Inc., William R. Timken, Arthur Rock, H & Q Alliance Fund, Hamquist, Banner Partners, Bryco Investments, Peter O. Crisp, H & Q Investors, Crisp Computer Corporation, Edgar L. Lowe, Richard M. Kulp and Paloa S. Kulp, as Trustees of the Kulp 1983 Revocable Trust, John R. Johnston, and Ta–Lin Hsu, Defendants.

Civ. A. Nos. 89–M–963, 91–M–170, 91–M–408 and 91–M–930.

United States District Court, D. Colorado.

Jan. 10, 1992.

236

Josef D. Cooper, Law Offices of Josef D. Cooper, P.C., San Francisco, Cal., Sidney B. Silverman, Harold V. Obstfeld, Silverman, Harnes Obstfeld & Harnes, New York City, Robert F. Hill, David R. Fine, Karen A. Tomb, John E. Evans, Jeffrey M. Hall, Hill & Robbins, Denver, Colo., for Gottlieb (Class Plaintiffs).

Leo Beus, Michael Devitt, Beus, Gilbert & Morrill, Phoenix, Ariz., Bruce A. Lampert, Schaden, Lampert & Lampert, Denver, Colo., for Standard Chartered Bank.

Gregory A. Ruegsegger, S. Kirk Ingebretsen, Phillip G. Dufford, Welborn, Dufford, Brown & Tooley, Denver, Colo., for Trustee (Connolly).

Nicholas DeCorso, Ellco Leasing Corp., San Diego, Cal., Gary E. Parish, R. Daniel Scheid, Popham, Haik, Schnobrich & Kaufman, Denver, Colo., for Ellco Leasing.

Geoffrey Francis Aronow, Arnold & Porter, Washington, D.C., Peter Michael Kreindler, Arnold & Porter, New York City, B.J. Rothbaum, Jr., Douglas L. Perry, James P. Linn, Ronald Ripley, Drew Neville, Linn & Helms, Oklahoma City, Okl., James E. Scarboro, Timothy G. Atkeson, Michael Hegarty, Arnold & Porter, Denver, Colo., for Coopers & Lybrand (U.S.).

George L. Vamos, Barbara L. Green, Ruh & Green, and E. Michael Canges, Erich L. Bethke, Canges & Iwashko, Denver, Colo., H. Michael Clyde, Lynne C. Adams, Grant A. Koppelman, Brown & Bain, Phoenix, Ariz., for Coopers & Lybrand (Hong Kong).

George L. Vamos, Barbara L. Green, Ruh & Green, Denver, Colo., for Coopers & Lybrand (Singapore).

Cary B. Lerman, Dennis E. Kinnaird, Emily Brower Miller, George M. Garvey, Munger, Tolles & Olson, Los Angeles, Cal.,

Kenneth L. Starr, Ann Livendalen, Holmes & Starr, Denver, Colo., for Q.T. Wiles.

William O. Purcell, John Sullivan, Kevin J. Curley, Eric Schneiderman, Lord Day & Lord, Barrett Smith, New York City, Jeffrey A. Chase, Holme, Roberts & Owen, Denver, Colo., for Planitzer & J.H. Whitney.

Roy L. Reardon, Charles Koob, Simpson, Thacher & Bartlett, New York City, Gerald L. Bader, Jr., Bader & Villenueva, Denver, Colo., for Hambrecht & Quist.

Cathryn Mayer, Thomas D. Birge, Brega & Winters, Denver, Colo., for Schlibaum.

James Shpall, Jean Arnold, Wolf & Slatkin, Denver, Colo., for Lutheran Brothers Ins. & Home Ins. Cos.

Lee D. Foreman, Haddon, Morgan & Foreman, Denver, Colo., for Owen Taranta.

Kathryn Meyer, Robert T. McAllister, Martin, McAllister & Murphy, Denver, Colo., for Parker.

Mark C. Overturf, James Goldfarb, Greengard, Senter, Goldfarb & Rice, Denver, Colo., for Great Northern Ins. & Federal Ins. Cos.

Raymond J. Turner, Sherman & Howard, Denver, Colo., for Harrington.

Peter Bornstein, David H. Goldberg, I.H. Kaiser, Berenbaum & Weinshienk, Denver, Colo., for Nashua.

Edward H. Widmann, Michael W. Jones, C. Paul Swift, Hall & Evans, Denver, Colo., for Aetna.

William R. McLucas, Bruce A. Hiler, Herbert F. Janick, III, Daniel A. Nathan, Paul V. Gerlack, Catherine M. Shea, James B. Adelman, Securities & Exchange Commission, Washington, D.C., Thomas D. Carter, Securities & Exchange Commission, Denver, Colo., for Securities & Exchange Commission.

## MEMORANDUM OPINION AND ORDER

PRINGLE, United States Magistrate Judge.

This matter comes before the Court on the Coordinated Plaintiffs' Motion for Or-

der Compelling Discovery from the Hambrecht & Quist Defendants (hereinafter, "the Motion"). In essence, the Motion seeks to compel production of two categories of documents: (a) documents reflecting communications and involvement of the Hambrecht & Quist Defendants with those Hambrecht & Quist subsidiaries or Hambrecht & Quist-managed venture capital funds that invested in MiniScribe Corporation (hereinafter, "MiniScribe"); and (b) documents which would reflect any employment or financial relationship between the Hambrecht & Quist Defendants (including subsidiaries of Hambrecht & Quist Group) and certain officers, directors, or employees of MiniScribe from 1985 through 1989.[1] With respect to the first group, the parties have informed the Court that they have resolved substantially all matters and that those few matters still in dispute can likely be resolved through negotiation.

The Hambrecht & Quist Defendants have withheld production of the second category of documents on the ground that it contains personal financial information of MiniScribe officers, directors, employees and/or consultants and, thus, are protected from disclosure by Cal. Const., art. I, sec. 1.[2] Article I, sec. 1 reads, in relevant part, as follows: "[a]ll people are by nature free and independent and have inalienable rights. Among these are ... pursuing and obtaining ... privacy."

Initially, I must consider the threshold question of whether the California constitutional provision has applicability in a federal court action where subject matter jurisdiction is premised on a federal question. To the extent that Cal. Const., art. I, sec. 1 creates a state privilege against disclosure, it would not be entitled to legal recognition in a federal question case pending in federal court. Fed.R.Evid. 501; *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548 (E.D.Cal.1990). *See also Kerr v. United States Dist. Court for No. Dist*, 511 F.2d 192 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). However, if state doctrine promoting confidentiality does not conflict with federal interests, it may be taken into account as a matter of comity. E.g., *Cook, supra; Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal.1987); *Skibo v. New York*, 109 F.R.D. 58 (E.D.N.Y.1985). For purposes of the present Motion, we may assume that the protection afforded by Cal. Const., art. I, sec. 1 should be addressed in determining the discoverability of the subject documents.

The courts have construed Cal. Const., art. I, sec. 1 as affording protection to personal financial information. *Valley Bank of Nevada v. Superior Ct. of San Joaquin County*, 15 Cal.3d 652, 125 Cal. Rptr. 553, 542 P.2d 977 (1975). The protec-

---

1. During the course of the hearing on the Motion, the Coordinated Plaintiffs indicated that they were seeking documentation to establish the relationship between the Hambrecht & Quist Defendants and the following directors, officers, employees, and consultants of MiniScribe: Q.T. Wiles (chairman of the board and CEO); Gerald Goodman (president); Owen Taranta (acting CFO); Ken Huff (controller & CFO); Gary Koenig (director); Paul Risinger (director); Warren Perry (controller or manager of a division of MiniScribe); Ta Lin Hsu (director); Joe Felix (manager or controller of a division of MiniScribe); Jesse Parker (vice president, Far East operations); Patrick Schielbaum (vice president and CFO); Irvin Reuling (consultant); William Hambrecht (director); Joe Consoli (vice president and secretary); Richard Ormond (vice president or consultant); Jeanne Boyd (employee). With the exception of Felix, Reuling, Consoli, Ormond, and Boyd, all of the above named

individuals are defendants in one or more of the coordinated cases.

2. Hambrecht & Quist Group is a California corporation and Hambrecht & Quist Venture Partners is a California limited partnership. It appears from the court file that Q.T. Wiles, William Hambrecht, Gary Koenig, Paul Risinger, Ta Lin Hsu, and Patrick Schielbaum are California residents. The court records reflect that Gerald Goodman, Ken Huff, Warren Perry, and Jesse Parker are not California residents. The residency of Joe Felix, Irvin Reuling, Joe Consoli, Richard Ormond, and Geanne Boyd is unknown. It is questionable whether Cal. Const., art. I, sec. 1 bestows privacy rights on nonresidents of the state. However, for purposes of this Motion, I will assume that the privacy protection afforded by Art. I, sec. 1 covers all employee financial records in the custody, possession, or control of the Hambrecht & Quist Defendants.

tion, however, is not absolute. *City of Santa Barbara v. Adamson*, 27 Cal.3d 123, 164 Cal.Rptr. 539, 610 P.2d 436 (1980). Personal financial information is subject to disclosure when the need to maintain privacy is outweighed by the competing need to ascertain the truth in connection with legal proceedings. *Britt v. Superior Ct. of San Diego County*, 20 Cal.3d 844, 143 Cal.Rptr. 695, 574 P.2d 766 (1978). Even when disclosure is appropriate, it should be narrowly circumscribed so that individual privacy is invaded only to the extent necessary for a fair resolution of the lawsuit. *Moskowitz v. Los Angeles County Superior Ct.*, 137 Cal.App.3d 313, 187 Cal.Rptr. 4 (1982). The custodian of records arguably falling within the scope of Art. I, sec. 1 has the right and, indeed, the duty, to resist attempts at disclosure. *Binder v. Superior Ct.*, 196 Cal.App.3d 893, 242 Cal. Rptr. 231 (1987).

Resolution of questions regarding the discoverability of documents or information falling within the privacy protection of Art. I, sec. 1 involves a three-step process. Initially, the court must determine whether the requested materials are relevant to the issues in litigation. The fact that the information might be calculated to lead to admissible evidence is insufficient to overcome constitutionally protected privacy interests. *Binder v. Superior Ct.*, 196 Cal.App.3d 893, 242 Cal.Rptr. 231 (1987). Once the relevance of the materials is established, the Court must balance the need for discovery against the right to privacy. *Board of Trustees v. Superior Ct. of Santa Clara County*, 119 Cal.App.3d 516, 174 Cal.Rptr. 160 (1981). Finally, even where the balance is struck in favor of disclosure, the disclosure order should be narrowly circumscribed and crafted with as much specificity as possible. *El Dorado Savings & Loan Ass'n v. Superior Ct.*, 190 Cal. App.3d 342, 235 Cal.Rptr. 303 (1987).

### A. RELEVANCE

█ The Coordinated Plaintiffs assert that during the period from 1985 through 1989, the management of MiniScribe committed violations of the federal securities laws by communicating false and mislead-

ing information regarding the financial condition of the corporation. It is alleged that the persons involved in this fraudulent conduct were employees, agents or under the control of the Hambrecht & Quist Defendants.

The records sought by the Coordinated Plaintiffs include (a) documentation of salary payments, expense reimbursements, stock options, and other compensation paid by the Hambrecht & Quist Defendants, or subsidiaries of Hambrecht & Quist Group to certain officers, directors, employees, and consultants of MiniScribe; (b) documents evidencing participation by officers, directors, employees, and consultants of MiniScribe in the health care, insurance, and SESOP plans of the Hambrecht & Quist Defendants or subsidiaries of Hambrecht & Quist Group; and (c) employment and indemnification agreements between officers, directors, and employees and consultants of MiniScribe and the Hambrecht & Quist Defendants or subsidiaries of the Hambrecht & Quist Group. The Coordinated Plaintiffs contend that these documents are probative of the Hambrecht & Quist Defendants' actual control over the management of Miniscribe and their power to control the complained of conduct. I agree. While not conclusive, the materials sought in the Coordinated Plaintiffs' Motion are certainly relevant to the questions of agency and control underlying the claims against the Hambrecht & Quist Defendants.

### B. BALANCING THE INTERESTS

1. Miniscribe officers, directors, employees, and consultants who are named defendants in the coordinated cases.

Once relevancy is established, I must balance the privacy interests protected by Cal. Const., art. I, sec. 1 against the interest in allowing the litigants in this case full access to relevant information. I find and conclude that the balance must be struck in favor of disclosure, at least with respect to those documents which relate to officers, directors, employees and consultants of

MiniScribe who are named defendants in one or more of the coordinated cases.

To the extent that the documents in question are business records of the Hambrecht & Quist Defendants, they would not only be admissible, but would appear to be the best evidence of the financial relationships between these Defendants and the management of MiniScribe named as defendants in the coordinated cases. While the information may be theoretically available through depositions of the MiniScribe management personnel, it is unlikely that they would have specific recollection of salary payments, benefits, and other compensation received from the Hambrecht & Quist Defendants between 1985 through 1989.[3] Indeed, at least one of individual defendants, Mr. Risinger, stated during his deposition that he had turned his records over to counsel for the Hambrecht & Quist Defendants. In addition, given the existing discovery cut-off date, it would be impractical to require the Coordinated Plaintiffs to obtain the financial data in question from deposition testimony. The difficulty in acquiring the information contained in the subject documents by alternative means is further exacerbated by the relatively late date on which the Hambrecht & Quist Defendants invoked the constitutional protection. Finally, I would note that while officers, directors, employees and consultants of MiniScribe named as defendants in the coordinated cases have not expressly waived the privacy protection afforded by Cal. Const., art. I, sec. 1, they did have notice of the Motion to Compel and the submission of the Motion to me for resolution. None of them responded to the Motion or appeared for the oral argument.[4]

The Hambrecht & Quist Defendants contend that some of the documents requested, such as W–2 forms, contain tax-related information given nearly absolute protection under California law. While it is true that California has a strong policy against disclosure of *tax returns, King v. Mobile Home Rent Review Bd.,* 216 Cal. App.3d 1532, 1538, 265 Cal.Rptr. 624 (1989), this policy does not encompass W–2 forms supplied by an employer to its employees.[5]

2. MiniScribe officers, directors, employees and consultants who are not named defendants in the coordinated cases.

While the Coordinated Plaintiffs have made a sufficient showing to require disclosure of documents reflecting the financial relationship between the Hambrecht & Quist Defendants and MiniScribe personnel named as defendants in coordinated cases, the same cannot be said with respect to MiniScribe personnel and consultants who are not parties to the litigation. These non-parties would include Joe Felix, Irvin Reuling, Joe Consoli, Richard Ormond, and Jeanne Boyd. Although the existence of a financial link between the Hambrecht & Quist Defendants and these non-parties might have probative value, it clearly would have a lesser degree of relevance than the presence of such a link between the Hambrecht & Quist Defendants and persons named as individual defendants in this litigation. Further, these non-parties apparently have received no notice that documents in which they may have a privacy interest are being sought by the Coordinated Plaintiffs. I am loathe to

---

3. At least three of the defendants (Wiles, Goodman, and Schielbaum) were deposed and invoked their rights under the Fifth Amendment to the United States Constitution. Thus, it is clear that the financial data sought by the Coordinated Plaintiffs cannot be obtained directly from these individuals.

4. While the law firms that represent the Hambrecht & Quist Defendants also represent Hambrecht, Risinger, Koenig, and Tsu, there is no indication that the Response to the Coordinated Plaintiffs' Motion was filed on behalf of these individuals.

5. The purpose of California Revenue and Taxation Code section 19282, which makes it a misdemeanor for government officials to disclose information contained in personal income tax returns, is to encourage taxpayers to make full and truthful declarations in their tax filings. *King v. Mobile Home Rent Review Bd.,* 216 Cal. App.3d 1532, 265 Cal.Rptr. 624 (1989). Requiring production of W–2 forms prepared by the employer does not interfere with the policy underlying section 19282.

order production of such materials without affording persons who might be adversely affected notice and an opportunity to be heard.

## C. SCOPE OF DISCLOSURE

I concur with the Hambrecht & Quist Defendants that any disclosure order should be narrow in scope and framed with specificity. It must identify the categories of documents sought with a reasonable degree of particularity. Further, the dissemination of materials should be restricted to those persons who have a legitimate interest in reviewing them in connection with the instant litigation.

I find and conclude that the Motion, the attachments thereto, and the statements of counsel for the Coordinated Plaintiffs during oral argument provide sufficient specificity regarding the documents sought to enable the Court to enter a disclosure order which will meet the requirements of Cal. Const., art. I, sec. 1. In addition, I find and conclude that the general confidentiality order entered by Judge Matsch in the coordinated cases adequately limits dissemination, and that no further order in this regard is necessary. Based on the foregoing,

IT IS HEREBY ORDERED that the Coordinated Plaintiffs' Motion for Order Compelling Discovery from the Hambrecht & Quist Defendants is granted in part and denied in part as follows:

1. That portion of the Motion relating to the production of documents reflecting communications between the Hambrecht & Quist Defendants and investors and potential investors in MiniScribe is denied as moot.

2. Within 30 days from the date of this Order, the Hambrecht & Quist Defendants shall produce to the Coordinated Plaintiffs all documents and records reflecting (a) payments of salaries, expense reimbursements, stock options, or other compensation provided by the Hambrecht & Quist Group, its subsidiaries, and/or Hambrecht & Quist Venture Partners to Q.T. Wiles, Gerald Goodman, Owen Taranta, Ken Huff, Gary Koenig, Paul Risinger, Warren Perry, Ta Lin Hsu, Jesse Parker, Pat Schielbaum, and William Hambrecht from 1985 through 1989; (b) membership or participation of the previously named individuals in health care plans, insurance plans, and SESOPs or other pension plans of Hambrecht & Quist Group, its subsidiaries, and/or Hambrecht and Quist Venture Partners from 1985 through 1989; and (c) employment or indemnification agreements between any of the previously named individuals and the Hambrecht & Quist Group, its subsidiaries, and/or Hambrecht & Quist Venture Partners from 1985 through 1989.

3. The Motion is denied without prejudice insofar as it requests similar financial information relating to Joe Felix, Irvin Reuling, Joe Consoli, Richard Ormond, and Jeanne Boyd. Should the Coordinated Plaintiffs wish to further pursue these materials, they should initially send a letter to each of these individuals, certified mail return receipt requested, informing him or her that (a) a Motion has been filed seeking production of documents from the Hambrecht & Quist Defendants; (b) the documents relate to his or her relationship to Hambrecht & Quist Group, any subsidiaries thereof, and/or Hambrecht & Quist Venture Partners, and compensation or benefits received as a result of any such relationship; and (c) a hearing on the matter will be held before the Court, at which time he or she has the right to be present in person or through counsel and be heard regarding objections to production of the documents. A copy of the renewed Motion should accompany each letter. In addition, the Coordinated Plaintiffs should be prepared to make a further showing of relevance consistent with the comments and observations set forth above.