[Civ. No. 65956. Second Dist., Div. One. Nov. 9, 1982.]

IRVING MOSKOWITZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ZERNER, SIMS & CIBENER, et al., Real Parties in Interest.

**COUNSEL**

Selvin & Weiner, Paul P. Selvin, Lawrence I. Washor and James S. Tyre for Petitioner.

No appearance for Respondent.

MacDonald, Halsted & Laybourne, Orville A. Armstrong, Michael K. Maher, Haight, Dickson, Brown & Bonesteel, Michael J. Bonesteel, Roy G.

Weatherup, Hall R. Marston, Cotkin, Collins, Kolts & Franscell, Raphael Cotkin, Bruce Friedman and Nancy G. Karlin for Real Parties in Interest.

OPINION

LILLIE, Acting P. J.—Irving Moskowitz petitioned this court for a writ of mandate directing respondent superior court to vacate its order denying petitioner's motion for a protective order limiting the use of his deposition, and to enter an order granting appropriate protection. We initially denied the petition but, on petitioner's application, the Supreme Court granted a hearing and retransferred the matter to this court with directions to issue an alternative writ of mandate.[1] We have done so.

Petitioner is the plaintiff in a legal malpractice action against real parties in interest.[2] The fourth amended complaint in that action charges real parties with negligence and breach of fiduciary duty which resulted in entry of judgment, in 1977, for $3,384,391 against petitioner in an action wherein he was represented by real parties; it is further alleged that petitioner was unable to obtain a bond or otherwise stay execution pending appeal from the judgment; accordingly, as a matter of financial survival and under threat of execution against his assets, petitioner was compelled to pay $1.75 million in settlement and satisfaction of the judgment. By means of deposition, real parties elicited from petitioner detailed information regarding his financial affairs for the past 20 years, including his salaries, fees, charitable contributions, purchases of securities, real estate holdings, bank accounts, partnership interests, and sales and purchases of businesses. Petitioner moved the referee of the deposition, appointed by respondent court, for a protective order sealing the deposition and limiting dissemination of the information therein to counsel for the parties and to such other persons "related to the litigation to whom counsel for defendants believe such dissemination is necessary for the purposes of preparing this matter for trial." Petitioner argued that such an order is necessary for the protection of his constitutional right of privacy in his financial affairs. He repeats that argument here.

■ Personal financial information comes within the zone of privacy protected by article I, section 1 of the California Constitution.[3] (*Valley Bank of*

---

[1] In addition, the Supreme Court issued a protective order to remain in effect pending final determination of the matter.

[2] Petitioner also is a defendant in real parties' action for legal fees (No. C-219691) which was consolidated with the legal malpractice action (No. C-222365).

[3] California Constitution, article I, section 1, provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, *and privacy.*" (Italics added.)

*Nevada* v. *Superior Court* (1975) 15 Cal.3d 652, 656 [125 Cal.Rptr. 553, 542 P.2d 977]; *Dompeling* v. *Superior Court* (1981) 117 Cal.App.3d 798, 808 [173 Cal.Rptr. 38].) The constitutional right of privacy is not absolute; it may be abridged to accommodate a compelling public interest. (*City of Santa Barbara* v. *Adamson* (1980) 27 Cal.3d 123, 131 [164 Cal.Rptr. 539, 610 P.2d 436, 12 A.L.R.4th 219]; *Loder* v. *Municipal Court* (1976) 17 Cal.3d 859, 864 [132 Cal.Rptr. 464, 553 P.2d 624]; *White* v. *Davis* (1975) 13 Cal.3d 757, 775 [120 Cal.Rptr. 94, 533 P.2d 222].) One such interest, evidenced by California's broad discovery statutes, is " 'the historically important state interest of facilitating the ascertainment of truth in connection with legal proceedings.' " (*Britt* v. *Superior Court* (1978) 20 Cal.3d 844, 857 [143 Cal.Rptr. 695, 574 P.2d 766].) When an individual's right of privacy in his financial affairs conflicts with the public need for discovery in litigation, the competing interests must be carefully balanced. (*Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d 652, 657.) Even where the balance weighs in favor of disclosure of private information, the scope of the disclosure will be narrowly circumscribed; such an invasion of the right of privacy " 'must be drawn with narrow specificity' " and is permitted only to the extent necessary for a fair resolution of the lawsuit. (*Britt* v. *Superior Court, supra,* 20 Cal.3d 844, 856, 859; *City and County of San Francisco* v. *Superior Court* (1981) 125 Cal.App.3d 879, 883 [178 Cal.Rptr. 435].)

 Here, unlike the situation in cases such as *Britt* v. *Superior Court, supra,* 20 Cal.3d 844, petitioner does not seek to restrict the scope of discovery, nor does he deny that real parties are entitled to discover the details of his financial affairs. Petitioner seeks only to prevent disclosure of the personal financial information, contained in his deposition, to persons who have no legitimate interest in its use for purposes of the litigation. Contrary to real parties' contention, the fact that petitioner is attempting to restrict the use of the facts discovered, rather than the scope of the discovery itself, cannot justify denial of his constitutional right of privacy in the financial information divulged in his deposition.

Real parties argue that petitioner waived his right of privacy by filing his action for legal malpractice which, as petitioner concedes, puts in issue (among other things) whether he had sufficient financial resources to stay execution of the judgment entered against him in 1977. We do not agree that petitioner's commencement of the action constituted a total waiver of his right of privacy for all purposes. The following principles, although expressed in relation to a facet of the constitutional right of privacy other than that asserted by petitioner, are applicable here: "[W]hile the filing of a lawsuit may implicitly bring about a partial waiver of one's constitutional right of associational privacy, the scope of such 'waiver' must be narrowly rather than expansively construed, so that plaintiffs will not be unduly deterred from instituting lawsuits by the fear of ex-

posure of their private associational affiliations and activities. [Citation.] When such associational activities are *directly relevant* to the plaintiff's claim, and disclosure of the plaintiff's affiliations is essential to the fair resolution of the lawsuit, a trial court may properly compel such disclosure. [Citation.] Even under such circumstances, however, the general First Amendment principles noted above dictate that the compelled disclosure be narrowly drawn to assure maximum protection of the constitutional interests at stake." (*Britt* v. *Superior Court, supra,* 20 Cal.3d 844, 859; original italics. See also *In re Lifschutz* (1970) 2 Cal.3d 415, 435 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].)

Real parties contend that petitioner failed to make a factual showing of annoyance, embarrassment or oppression in support of his motion for a protective order, as required by Code of Civil Procedure section 2019, subdivision (b)(1);[4] accordingly, the motion was properly denied. Petitioner filed no declaration in support of his motion, which was in the form of a letter from his counsel to the referee. That letter did not show that annoyance, embarrassment or oppression to petitioner would result from unlimited use of the personal financial information in his deposition, or even that such use was threatened. ■ The discovery statutes give the trial court wide discretion in making such orders as may be necessary to protect parties from abuse or misuse of their depositions. (*Carlson* v. *Superior Court* (1961) 56 Cal.2d 431, 437 [15 Cal.Rptr. 132, 364 P.2d 308].) The exercise of such discretion will be disturbed by a reviewing court only when it can be said that there has been an abuse of discretion. (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 171 [84 Cal.Rptr. 718, 465 P.2d 854]; *Mobil Oil Corp.* v. *Superior Court* (1976) 59 Cal.App.3d 293, 303 [130 Cal.Rptr. 814].) If the burden rested on petitioner to show good cause for the protective relief which he sought, respondent court did not abuse its discretion in denying relief.

■ Petitioner argues that he is presumptively entitled to a protective order limiting dissemination of the financial information contained in his deposition, and the burden therefore was on real parties to show that such relief is not warranted. In support of this contention petitioner cites *Richards* v. *Superior Court* (1978) 86 Cal.App.3d 265 [150 Cal.Rptr. 77], wherein this court held: "[W]here a party is compelled in civil discovery to reveal financial information because the information is relevant to the subject matter of a claim for punitive damages, that party is, upon his motion, presumptively entitled to a protective order that the information need be revealed only to counsel for the discovering party or to counsel's representative, and that once so revealed, the information

---

[4]Code of Civil Procedure section 2019 provides in pertinent part: "(b)(1) Upon motion seasonably made by any party . . . and . . . for good cause shown, the court in which the action is pending may make an order . . . that after being sealed the deposition shall be opened only by order of the court . . . ; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression. . . ."

may be used only for the purposes of the lawsuit. The burden is on the opposing party to establish a substantial reason why the order should be denied. That reason must be related to the lawsuit." (P. 272.) While the protective order in *Richards* was sought by a defendant against whom a claim for punitive damages was asserted, we think the holding of that case is applicable here, for even though petitioner (the plaintiff) himself put in issue his financial worth, he thereby waived his constitutional right of privacy only to the extent necessary for a fair resolution of the action. (*Britt* v. *Superior Court, supra,* 20 Cal.3d 844, 859.) Moreover, as we observed in *Richards*: "Discovery seeking financial information by reason of a claim for punitive damages is one classic instance of the manner in which civil discovery is used to achieve a litigation advantage never contemplated when the methodology was introduced into pretrial procedure. . . . [T]here is usually the potential that untoward disclosure of the information obtained may in some way or other react adversely against the disclosing party for reasons totally unrelated to the lawsuit. The possibilities run all the way from greater exposure to the not so gentle solicitations of some charitable organizations to the possibility of damage to the discloser in the competitive business arena. . . . [¶] . . . It seems a rare instance indeed that the potential of disclosure for purposes unrelated to the lawsuit or to persons other than counsel and their representatives serves any purpose except to give a tactical edge to the party who has obtained discovery of the information by allowing that party the benefit of pressure in settlement negotiations by threat or implication of disclosure." (*Richards* v. *Superior Court, supra,* 86 Cal.App.3d at pp. 271, 272.) The foregoing considerations are relevant whether it is the plaintiff or the defendant who seeks a protective order limiting to legitimate purposes the use of his personal financial information obtained through discovery. Accordingly, we conclude that the burden was upon real parties to establish a reason, related to the lawsuit, for denial of the protective order sought by petitioner.

In opposition to petitioner's motion, real parties asserted that the proposed protective order inhibits their use of the deposition for purposes of conducting further investigation and testing the veracity of petitioner's testimony at trial. We do not so read the proposed order, which provides that copies of the deposition may be furnished to counsel for the parties. Inasmuch as counsel would have access to the deposition, they could use the information therein for the above purposes which relate to the lawsuit. Real parties further contend that the proposed protective order prevents their attorneys from reporting the information in the deposition to insurance carriers who are providing for real parties' defense pursuant to various policies of insurance. Counsel for the insurers objected to the protective order on the same ground, adding that if petitioner's deposition were sealed they would be obliged to take a second deposition. Arguably, the insurance carriers providing a defense for real parties in petitioner's legal malpractice action have a legitimate reason for obtaining the in-

formation contained in petitioner's deposition. That fact, however, does not warrant the order made herein which denies any protection whatever and permits access to the deposition by all persons for all purposes, whether or not related to a fair resolution of the action. Invasion of petitioner's constitutional right of privacy in his personal financial affairs must be limited by allowing the use of such information only for purposes related to the lawsuit, and only by persons having a legitimate interest in that information for such purposes. (See *Britt* v. *Superior Court, supra,* 20 Cal.3d 844, 856, 859; *Richards* v. *Superior Court, supra,* 86 Cal.App.3d 265, 273.)

Real parties argue that the order of respondent court denying petitioner's motion for a protective order is supported by the principle that First Amendment rights extend to the fruits of discovery. (*In re Halkin* (D.C. Cir. 1979) 598 F.2d 176, 187; *Koster* v. *Chase Manhattan Bank* (S.D.N.Y. 1982) 93 F.R.D. 471, 475.) The contention lacks merit. As the court acknowledges in *Halkin, supra,* "the First Amendment is not an absolute [citation], and the protection afforded the exercise of First Amendment rights may be limited in certain narrow circumstances." (598 F.2d at p. 190.) Real parties did not raise below a First Amendment argument in opposition to petitioner's motion and there is no showing that respondent court, in denying the motion, considered any of the factors pertinent in determining whether the protection of First Amendment rights requires denial of an order to prevent the dissemination of information obtained through discovery. (*Koster* v. *Chase Manhattan Bank, supra,* 93 F.R.D. at p. 479.) In any event, it has been held that while the First Amendment precludes restriction of the use of information obtained independently of court processes, there is no such constitutional prohibition against an order which forbids the publicizing of information obtained through the discovery process. (*International Products Corporation* v. *Koons* (2d Cir. 1963) 325 F.2d 403, 407-408; see also *Rodgers* v. *United States Steel Corp.* (3d Cir. 1976) 536 F.2d 1001, 1006-1007.)

Let a peremptory writ of mandate issue directing respondent court to vacate its order of July 22, 1982, denying petitioner's motion for a protective order limiting the use of his deposition, and to enter a new and different order in accordance with the views expressed herein.

Hanson (Thaxton), J., and Dalsimer, J., concurred.

On November 30, 1982, the opinion was modified to read as printed above.