IT IS SO REPORTED AND RECOMMENDED.

**Claire E. RAGGE, Plaintiff,**

v.

**MCA/UNIVERSAL STUDIOS, a corporation; Marc Bension; Tony Caputo; Christopher Fahlman; Peter Muendel; John Portelli; Rick R. Storer; and Does 1 through 100, inclusive, Defendants.**

**No. CV 94–2647–TJH(RMCx).**

United States District Court, C.D. California.

March 29, 1995.

---

Dan Stormer, Hadsell & Stormer, Pasadena, CA, for plaintiff.

Mark Andrew Wasserman and Deborah P. Koeffler, Mitchell, Silberberg & Knupp; Raymond R. Kepner, Morgan, Lewis & Bockius; Louise A. LaMothe and Elizabeth Meinicke Flynn, Riordan & McKinzie, Los Angeles, CA, for defendants.

## MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PERSONNEL FILES

CHAPMAN, United States Magistrate Judge.

On February 22, 1995, plaintiff filed a Notice of Motion and Motion to Compel Discovery; Joint Stipulation of Issues to be Determined on Motion to Compel Discovery; Declaration of Carol Klauschie, and supporting Exhibits 1 and 2; and Declaration of Carol A. Klauschie re Compliance of Opposing Counsel. On March 8, 1995, defendants MCA Concerts, Inc. (sued as MCA/Universal Studios)[1] and John Portelli filed a Supplemental Memorandum of Law; and Declaration of Adam Levin. On the same date, plaintiff filed a Supplemental Memorandum in Support of Motion to Compel.

Plaintiff's Motion to Compel seeks discovery of documents requested in plaintiff's

---

1. Referred to in the Memorandum Decision as Defendant MCA.

First Request for Production of Documents to defendant MCA, Requests numbers 16 through 21. Specifically, plaintiff requests the personnel files of each of the individual named defendants: Request No. 16—Peter Muendel; Request No. 17—Rick R. Storer; Request No. 18—Christopher Fahlman; Request No. 19—Tony Caputo; Request No. 20—Marc Bension; and Request No. 21—John Portelli. During the parties' meet and confer sessions, plaintiff narrowed the scope of discovery to those documents in the personnel files pertaining to promotions or demotions, disciplinary proceedings, work performance reviews or evaluations, employee and/or customer complaints, and "other records which bear on character and/or each defendant's credibility."[2]

Defendant MCA has refused to turn over the requested personnel files based on irrelevancy, the employees' right to privacy, and on the ground that the relevant documents have previously been produced in response to other discovery requests.

Counsel for the parties met and conferred in person on October 18, 1994, and December 2, 1994, pursuant to Local Rule 7.15.1, but were unable to resolve their dispute.

This case was assigned to Magistrate Judge Rosalyn M. Chapman on March 13, 1995, for discovery purposes. Plaintiff's motion was initially noticed for March 14, 1995, and subsequently renoticed, at the Court's request, for March 29, 1995.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Claire E. Ragge alleges four causes of action for sexual harassment and discrimination in the workplace and unlawful retaliation by defendants in violation of Title VII, 42 U.S.C. § 2000e, et seq., and California Government Code §§ 12940(h)(1) (sexual harassment), (i) (failure to prevent discrimination and harassment), and (f) (unlawful retaliation) and four common law tort causes of action arising out of defendants' treatment of her and conduct.

Plaintiff originally filed her lawsuit in the Los Angeles Superior Court, on March 24, 1994. Defendants MCA, Bension, Portelli, Muendel, and Caputo answered the complaint in the Superior Court. Shortly thereafter, the case was removed to federal court on the grounds of federal question jurisdiction. After removal, defendant Storer answered the complaint. Defendant Christopher Fahlman has not yet been served with a summons and complaint. Plaintiff settled the action against defendant Bension, and he has been dismissed as a defendant.

## DISCUSSION

■ Federal Rules of Civil Procedure 26(b)(1) provides for discovery in civil actions, as follows:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identify and location of persons having knowledge of any discoverable matters. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 26 further permits the discovery of information which "may simply relate to the *credibility* of a witness or other evidence in the case." Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11.21 (1994 revised). (emphasis in original)

■ Generally speaking, the purpose of discovery is to remove surprise from trial preparation so the parties obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated

---

**2.** Plaintiff also seeks resumes and applications for employment. Joint Stipulation, page 15, lines 23–24.

to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. As commented upon by one court:

"A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."

*Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D.Kan.1993).

■ Defendant MCA's assertion that the documents are irrelevant is without merit. Clearly there may be information in the named defendants' personnel files which is relevant to the subject matter of the pending action, whether a claim or defense, or to the credibility of a witness, as required by Rule 26(b). The documents pertaining to promotions or demotions, disciplinary proceedings, work performance reviews and evaluations, and complaints, are relevant, among other things, to the employer's knowledge of a hostile work environment. Such documents also pertain to the credibility of witnesses, including the named defendants, and provide a means to compare statements made during depositions to documents maintained by the employer.

Resumes and employment applications in the personnel files of named defendants are relevant to employer's knowledge of a harasser's prior history of harassment and, thus, relate to the claim against defendant MCA, as it pertains to defendants Muendel and Storer, the alleged harassers.

Defendant MCA also claims that the documents are protected by the defendants' right to privacy. In particular, defendant MCA argues that the personnel files include sensitive and confidential information, such as medical treatment records, payroll information, sick leave requests, loan/credit information, and other personal data. This claim is disingenuous in light of plaintiff's offer to narrow the scope of the requests to the specific documents listed above.

■ In California, the right to privacy is set forth in Article I, Section I of the California Constitution. It is not an absolute right, but a right subject to invasion depending upon the circumstances:

"[A] 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms.... ['The protection afforded to the plaintiff's interest and his privacy must be relative to the customs of the time and place, to the occupation of the plaintiff and to the habits of his neighbors and fellow citizens.'].) ... [W]hen determining the existence (or not) of a constitutionally protected claim we must weigh the severity of each potential invasion of privacy...."

*Heller v. Norcal Mutual Ins. Co.*, 8 Cal.4th 30, 43–44, 32 Cal.Rptr.2d 200, 876 P.2d 999 (1994).

Defendants have not cited any case law prohibiting the discovery of information in an employee's personnel file on the grounds it is privileged or protected by the right to privacy.[3] By its nature, the requested information does not pertain to sexual, health or financial matters, areas generally considered to be private or confidential. The disclosure of these employment records is not unusual or unexpected.[4]

Even if the requested documents in defendants' personnel files are protected by defendants' privacy right, that right may, nevertheless, be invaded for litigation purposes. The court, in *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D.Cal.1990), commented on the appropriateness of balancing the right to privacy with litigation goals:

---

3. Rule 26(b) excludes privileged matters from discovery. Although the right to privacy is not a recognized privilege, many courts have considered it in discovery disputes. Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11:76 (1994 revised).

4. See *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, in which the court held that performance evaluation reports of the alleged harasser in a sexual harassment case, during the time he supervised the employee and during other periods of employment, are discoverable. Cf. *Bihun v. AT & T Information Systems, Inc.*, 13 Cal.App.4th 976, 16 Cal.Rptr.2d 787 (1993).

"While this court is of the view that such a balancing is appropriate, this court is also mindful of the fact that, by its very nature, litigation has a tendency to make public the sort of information that individuals otherwise would prefer to keep private. Public disclosure, in the end, is not only natural and generally unavoidable but also necessary and healthy to a process so dependant on accuracy and truth. Nonetheless, the initiation of a law suit, does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck."

The court also noted that even when a balance is struck, the " 'scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit.' " *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. at 552, citing with approval *Moskowitz v. Superior Court*, 137 Cal.App.3d 313, 316, 187 Cal.Rptr. 4 (1982).

The importance of the information to plaintiff's claims outweighs any privacy interest defendants may have. Plaintiff's narrowing of the documents in the personnel files satisfactorily decreases the severity of the invasion of defendants' right to privacy. By narrowing her request to specific documents in the defendants' personnel files, rather than the complete personnel files, a balance has, in fact, been achieved between plaintiff's need to discover the information and the privacy rights of the defendants.

If, upon examination of the personnel files, information of a sensitive or personal nature is discovered, the parties may utilize the January 3, 1995 protective order, and label those documents confidential.

Lastly, defendants' assertion that they have previously produced the requested documents is not supported by factual references or a declaration and, accordingly, is deemed to be without merit.

5. Although defendant Fahlman has not yet been served, he is listed as a witness for plaintiff in Joint Report of Early Meeting, and the documents are relevant to his, and other witnesses', credibility.

## ORDER

Plaintiff's Motion to Compel Production of job performance evaluations and reviews, promotion or demotion records, disciplinary actions, and complaints by other employees or customers in the personnel files of defendants Muendel (No. 16), Storer (No. 17), Fahlman[5] (No. 18), Caputo (No. 19), Bension[6] (No. 20), and Portelli (No. 21) is GRANTED. Defendant MCA shall produce the documents for inspection and copying by plaintiff within ten (10) days.

Plaintiff's Motion to Compel Production of resumes and job applications in the personnel files of named defendants is GRANTED as to defendants Muendel (No. 16) and Storer (No. 17). Defendant MCA shall produce the documents for inspection and copying by plaintiff within ten (10) days.

Plaintiff's Motion to Compel Production of "other records which bear on character and/or each defendant's credibility" is overly broad, vague and burdensome, and is DENIED.

6. Although Bension is no longer a party to this case, he is also listed as a witness for plaintiff in Joint Report of Early Meeting, and the documents are relevant to his, and other witnesses', credibility.