The WALT DISNEY COMPANY, a Delaware Corporation, Plaintiff,

v.

Sean Paul DeFABIIS, an individual, dba Art by Mr. D; Kristin Greenberg, an individual, Mark Roberts, an individual, Defendants.

Civil No. 95–7202–JMI(RCx).

United States District Court, C.D. California.

July 3, 1996.

Thomas H. Edwards, Pasadena, CA, for Plaintiff.

J. Scott Bennett, Lake Elsinore, CA, for Defendants.

CHAPMAN, United States Magistrate Judge.

**PROCEEDINGS: Motion to Compel Discovery**

This matter was heard on July 3, 1996, before Magistrate Judge Rosalyn M. Chapman. Thomas H. Edwards, attorney-at-law, appeared on behalf of plaintiff and no appearance was made on behalf of defendant DeFabiis.

On June 17, 1995, plaintiff filed a Notice of Motion and Motion to Compel Discovery Against Defendant Sean Paul DeFabiis; Stipulation Re Plaintiff's Motion to Compel Discovery Against Defendant Sean Paul DeFabiis; and Declaration of Non–Cooperation by Thomas H. Edwards in Support of Plaintiff's Motions to Compel Discovery Against Defendants Sean Paul DeFabiis and Mark Roberts. The Declaration shows that counsel for defendant Sean Paul DeFabiis has not in good faith complied with Local Rule 7.15, in that a draft "joint" stipulation was mailed to him, but, he failed to respond and to prepare his portion of the "joint" stipulation. In fact, counsel for defendant DeFabiis has not filed an opposition to plaintiff's motion to compel.

### BACKGROUND

On October 26, 1995, plaintiff filed a First Amended Complaint for injunctive relief and damages alleging against defendants DeFabiis, Kristin Greenberg, and Mark Roberts the following five causes of action: (1) false designation and advertising; (2) copyright infringement; (3) trademark infringements; (4) unfair competition; and (5) trademark dilution. The gravamen of plaintiff's claims is that defendants are engaged in the business of selling lessons in cartoon animation, primarily for children and teenagers, and in

so doing have falsely represented to the public that they are former animators who were trained and employed by plaintiff and have been licensed by plaintiff to teach courses in "Disney cartooning" and "Disney animation;" plaintiff participated in the planning and implementation of defendants' art instruction program; the program is being monitored or supervised by plaintiff; the plaintiff is involved in the disbursement of funds relating to the program; plaintiff's representatives review and evaluate the art produced by the students who complete the courses offered by defendants, and that the best students can look forward to receiving scholarships for further training and to the possibility of becoming employed by plaintiff. (First Amended Complaint, ¶¶ 8, 14). The plaintiff further alleges that defendants have infringed on its copyrights and trademarks by using the Disney name and Disney characters and trademarks in connection with their business. (First Amended Complaint, ¶ 9–13).

On January 16, 1996, plaintiff served a First Set of Interrogatories and Requests for Production of Documents on defendant De-Fabiis and defendant DeFabiis responded to the discovery requests on March 4, 1996. The plaintiff seeks further responses to Interrogatory Nos. 1–3, 7, 9, 10, 13, 15–17, 18, and 19, and more details on the privilege log, and supplemental documents in response to Request Nos. 3–12, 14, 15, 18, 19, 22, 24, and 26.

## DISCUSSION

Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted.... The Supreme Court of the United States has stated that these rules 'are to be accorded a broad and liberal treatment.' *Hickman v. Taylor,* 329 U.S. 495,

507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947); *Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)...." *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983).

Rule 26(b)(1) provides for discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence.

Defendant DeFabiis objects to Interrogatory Nos. 1, 15, 16, 17, 18 and 19 on the grounds they are compound and burdensome. This objection is frivolous and without merit. As a result of not answering Interrogatory No. 1, defendant DeFabiis also declined to answer Interrogatory Nos. 2 and 3. Since there is no merit to defendant DeFabiis' objection to Interrogatory No. 1, defendant DeFabiis must also answer Interrogatory Nos. 2 and 3. Thus, plaintiff's motion is GRANTED as to Interrogatory Nos. 1–3, 15–17, 18 and 19.

Interrogatory No. 7 and Request No. 6 asks defendant DeFabiis to identify, and produce documents showing, the students and parents of the students who were enrolled in each series or program of art lessons identified in response to the preceding interrogatory. Defendant DeFabiis objects that the interrogatory and request seek confidential information. These objections are without merit. First, only privilege, not confidentiality, is a valid objection under Fed.R.Civ.P. 26(b). Assuming defendant DeFabiis intended to assert a privilege objection, or a third parties' rights to privacy objection which is often treated as privilege,[1] plaintiff's need for the information outweighs whatever privacy rights, if any, third parties may have. *See Cook v. Yellow Freight System, Inc.,* 132 F.R.D. 548, 552 (E.D.Cal.1990)

---

**1.** Although the right to privacy is not a recognized privilege, many courts have considered it as such in discovery disputes. Schwarzer, Tashi-

ma & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial,* § 11:76 (1994 revised).

(citing with approval *Moskowitz v. Superior Court,* 137 Cal.App.3d 313, 316, 187 Cal.Rptr. 4 (1982)). Thus, plaintiff's motion is GRANTED as to Interrogatory No. 7 and Request No. 6.

■ Defendant DeFabiis objects, in part, to Interrogatory Nos. 9 and 10, stating that, rather than answering the interrogatories, he will provide documents in accordance with Rule 33(d). However, according to the declaration of Mr. Edwards, defendant DeFabiis has not provided such documents, and the Court now determines that it is inappropriate for defendant DeFabiis to refuse to answer those interrogatories and to cite Rule 33(d). Rule 33(d), provides, in part, that "[w]here the answer to an interrogatory may be derived ... from the business records of the party upon whom the interrogatory has been served ..., and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the parties served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived ... and to afford to the party serving the interrogatory with reasonable opportunity to examine, ... such records and to make copies, compilations, abstracts, or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the parties served, the records from which the answer may be ascertained." The answers to Interrogatory Nos. 9 and 10 are not in sufficient detail to comply with Rule 33(d). "The [ ] response[s] did not specify where in the records the answers could be found.... Rule 33[d] was amended in 1980 to prevent abuse of the business records option. The amendment was 'to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.' Fed. R.Civ.P. 33(c) Notes of Advisory Committee on Rules (1987) Amendment to Subdivision (c)." *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Investment Corp.,* 711 F.2d 902, 906 (9th Cir.1983). For the foregoing reasons, plaintiff's motion is GRANTED as to Interrogatory Nos. 9 and 10.

Interrogatory No. 13 asks defendant De-Fabiis to identify each checking account maintained since January 1, 1993 and to provide specific information. The response given by defendant DeFabiis was not specific, and defendant's objection is without merit. Thus, plaintiff's motion is GRANTED re Interrogatory No. 13.

■ A review of defendant DeFabiis' responses to Request Nos. 3–5, 7–12, 14, 15, 18, 19, 22, 24 and 26 shows that, in each instance, defendant DeFabiis has not produced documents and has merely referred to documents he claims to be in the possession of plaintiff. Such responses are insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents. Thus, plaintiff's motion is GRANTED re Request Nos. 3–12, 14, 15, 18, 19, 22, 24 and 26.

■ Rule 37(a)(4) provides that if a motion compelling disclosure is granted, "the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Here, plaintiff has shown, through the declaration of Mr. Edwards, that it has made several attempts to obtain complete responses, to the disputed interrogatories, but such attempts were to no avail. Mr. Edward's declaration further shows that he spent nine hours, at his regular rate of $200.00 per hour, preparing the instant motions. The Court, thus, find grounds to award attorney's fees in the amount of $1800.00 to plaintiff and against defendants DeFabiis and Roberts, jointly and severally.

■ The failure of defendant DeFabiis' counsel, moreover, to meet and confer, and to

participate in the joint stipulation as required by Local Rule 7.15, cannot be ignored. The Court, thus, sanctions defendant DeFabiis' counsel in the amount of $500.00 for violating Local Rule 7.15. The defendants and their counsel are admonished that **any non-compliance with the Court's orders, including the timely payment of attorney's fees and sanctions, may result in further sanctions.** *See Telluride Management Solutions, Inc. v. Telluride Investment Group,* 55 F.3d 463 (9th Cir.1995).

### ORDER

1. The plaintiff's motion to compel discovery against defendant DeFabiis is GRANTED. Defendant DeFabiis shall, within twenty (20) days of the date of this Order, respond under oath to First Set of Interrogatories, Interrogatory Nos. 1–3, 7, 9, 10, 13, 15–17, 18 and 19, and provide a detailed privilege log if privilege is claimed, and provide documents in response to Request Nos. 3–12, 14, 15, 18, 19, 22, 24 and 26.

2. Plaintiff's motion for attorney's fees on both motions is GRANTED, pursuant to Fed.R.Civ.P. 37(b). Defendants DeFabiis and Roberts and their counsel, Mr. J. Scott Bennett, shall, jointly and severally, within thirty (30) days of the date of this Order, pay to plaintiff the total sum of $1800.00, as attorney's fees.

3. Defendant DeFabiis' counsel, J. Scott Bennett, shall, within thirty (30) days of the date of this Order, pay to the Clerk of Court sanctions totaling $500.00 for violating Local Rule 7.15.

4. The Clerk of Court shall promptly serve this Order on the parties.