**William PUTNAM, etc., Plaintiffs,**

v.

**ELI LILLY AND COMPANY,
Defendants.**

**No. CV 07–3656–JFWPLAX.**

United States District Court,
C.D. California,
Western Division.

Aug. 23, 2007.

Christopher Van De Kieft, Christopher A. Seeger, Stephen A. Weiss, Seeger Weiss, New York City, Darren M. Cohen, Elana R. Levine, Eric B. Kingsley, George R. Kingsley, Kingsley and Kingsley, Encino, CA, Gregory N. Karasik, Ira Spiro, Spiro Moss Barness, Los Angeles, CA, for Plaintiffs.

Barbara A. Fitzgerald, Jason S. Mills, Morgan Lewis and Bockius, Los Angeles, CA, Brian R. Garrison, Ellen E. Boshkoff, Baker & Daniels, Indianapolis, IN, for Defendants.

## ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL PRODUCTION

PAUL L. ABRAMS, United States Magistrate Judge.

Plaintiff in this action alleges that defendant has improperly treated its employees who are employed or have been employed as pharmaceutical representatives within the State of California during the four years prior to the filing of this action as exempt from California wage and hour laws. As a result, plaintiff contends, defendant has failed to pay overtime and did not allow the pharmaceutical representatives to take meal breaks. Plaintiff seeks certification of the class of such employees Plaintiff through discovery has attempted to obtain the names, addresses and telephone numbers of the putative class members, to no avail. In this Motion, plaintiff seeks an order compelling defendant to produce the names and contact information of the potential class members or, in the alternative, the issuance of a pre-certification notice to potential class members [1]

Plaintiff's motion for class certification is currently due by September 4, 2007.[2] In

---

1. The Court previously denied without prejudice plaintiff's further request for relief from Local Rule 23–3, and ordered the hearing on the instant Motion off calendar.

2. On August 16, 2007, the District Judge denied plaintiff's ex parte application for an order extending the deadline to file his class

requests for production served on June 20, 2007, plaintiff sought the total number of pharmaceutical representatives who worked for defendant during the class period, as well as, among other things, their names, addresses and telephone numbers. On August 3, 2007, in response to an interrogatory, defendant indicated that as of April, 2007, defendant employed approximately 348 sales representatives in California, 24 of whom work in plaintiff's sales division. Declaration of Eric B Kingsley, Ex. 3 at Interrogatory No. 7 Defendant has agreed to send notice of the class action to 24 of the 348 potential class members, and would not agree to an extension of time to file a class certification motion. Kingsley Dec., at ¶ 7; Declaration of Jason S. Mills in Opposition to Motion, at ¶ 17. No contact information for any of the potential class members has been provided.

Plaintiff argues that it needs the requested information to "fully investigate the case and gather evidence for presentation at the certification hearing," including the location of potential class members, dates of employment, differences in job duties and compensation, typicality of plaintiff's claims as compared to those of the putative class members, and whether there are common questions of law and fact. Motion, at 6–7.

Defendant objects to providing the requested information, arguing that the overwhelming majority of the subject employees worked outside of plaintiff's sales division and in different positions than plaintiff, and that the information being sought by plaintiff is irrelevant and unnecessary at this stage of the litigation.[3] It further asserts that the information requested is not limited to substantiating class allegations, the discovery already provided to plaintiff is sufficient for plaintiff to prepare a class certification motion, and plaintiff seeks the information to initiate contact with potential co-plaintiffs, which is improper at this stage.

In order to certify a class under Rule 23 of the Federal Rules of Civil Procedure, plaintiff must set forth facts that support four requirements: 1. numerosity; 2. common questions of law or fact; 3. typicality of the claims or defenses; and 4. adequacy of the representation. Fed.R.Civ.P. 23(a), *see also In re Mego Financial Corporation Securities Litigation*, 213 F.3d 454, 462 (9th Cir.2000). The question here is whether the contact information for 348 employees of defendant—employees both inside and outside of plaintiff's sales division—is needed by plaintiff to present its certification motion While the Court recognizes that courts throughout the country have come out on both sides of this issue, this Court finds that, on balance, the information should be provided.[4] *See, e.g.,*

certification motion, finding that good cause had not been shown

**3.** The Court has reviewed defendant's argument that plaintiff's Motion was improperly submitted without first meeting and conferring with opposing counsel Nevertheless, the Court exercises its discretion to consider the Motion on the merits.

**4.** The Court offers no opinion—nor should this Order be read as such—as to whether defendant's production of the contact information should impact on the timing of the class certification motion. It is not the role of the Court in this discovery motion to determine what evidence the District Judge will

actually allow in at a trial in this case, or what information the District Judge will determine is needed to decide the certification motion. *See, e.g., Colonial Life & Accident Insur. Co. v. Superior Court of Los Angeles County*, 31 Cal.3d 785, 791, n. 8, 183 Cal. Rptr. 810, 647 P.2d 86 (1982) (quoting *Pacific Tel. & Tel. Co. v. Superior Court*, 2 Cal.3d 161, 172–73, 84 Cal.Rptr. 718, 465 P.2d 854 (1970) ("[Courts] may appropriately give the applicant [for discovery] substantial leeway, especially when the precise issues of the litigation of the governing legal standards are not clearly established [citation]; a decision of relevance for purposes of discovery is in no sense a determination of relevance for purposes of trial.") (brackets in original)).

*Babbitt v. Albertson's. Inc.*, 1992 WL 605652, *5–6 (N.D.Cal. Nov. 30, 1992) (court ordered production at pre-certification stage of names, addresses, telephone numbers and social security numbers of current and past employees, commenting that "[d]efendant has access to this information, and plaintiff should have the same access. Furthermore, *the information could lead to the discovery of admissible evidence relevant to the class certification issue.*") (emphasis added).

Defendant offers no adequate explanation as to why information about pharmaceutical representatives in sales divisions other than the one in which plaintiff worked is not relevant to the inquiry. Instead, it seems to the Court that contact with those individuals could well be useful for plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23. Defendant also argues that even if the Court were to find the contact information relevant at this stage, the privacy rights of these individuals outweigh the relevance While defendant is correct that individuals have a privacy interest in not having their names and addresses disclosed to third parties, the Court has balanced defendant's asserted right to privacy against the relevance and necessity of the information being sought by plaintiff *See, e.g., Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604–05 (C.D.Cal.1995) (the right to privacy is not absolute, but is "subject to invasion depending upon the circumstances."). In doing so, special attention has been paid to defendant's concern over its perceived duty to protect its employees, as well as plaintiff's need to contact potential

plaintiffs As in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (abuse of discretion for district court to ban communications concerning class action between parties and potential class members without court approval; "mere possibility of abuses" in class action litigation does not justify communications ban), the Court finds that plaintiff's needs here outweigh the concerns of defendant. Plaintiff has shown a legitimate need for the requested information to determine, among other things, whether common questions of law or fact exist and if plaintiff's claims are typical. The need is especially compelling here where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves. This information must be disclosed to enable plaintiff to proceed; a protective order can strike the appropriate balance between the need for the information and the privacy concerns.[5]

Accordingly, plaintiff's Motion is **granted in part**[6] No later than **August 28, 2007,** the parties shall submit a stipulated proposed protective order for the Court's review setting forth, at a minimum, the terms to govern the use of the to-be-disclosed names, addresses and telephone numbers responsive to the instant interrogatory, such terms to be drafted to protect the privacy interests of the third parties The Court advises that it may only enter a protective order upon a showing of good cause made therein. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1209 (9th Cir.2002) (Rule 26(c) requires a showing of "good cause" for a protective order); *Makar–Wellbon v. Sony Electronics, Inc.*, 187

---

5. The parties' proposed protective order was rejected by the Court on August 13, 2007, with direction concerning minor adjustments to the proposal that would make it acceptable to the Court As of this date, the parties have not submitted a revised proposed protective order.

6. In light of the Court's ruling, plaintiff's alternative request for pre-certification notice is denied.

F.R.D. 576, 577 (E.D.Wis.1999) (even stipulated protective orders require good cause showing). In any stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the information described in this Order The paragraph containing the statement of good cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

**No later than the close of business on August 31, 2007,** defendant shall respond to Interrogatory No. 7, by producing the names, addresses and telephone numbers of the 348 relevant individuals.