Filed 12/29/14  Marriage of Hanna CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of EDEN and MICHAEL JAMES HANNA. | D064545 |
| EDEN IRENE HANNA, | |
| Respondent, | (Super. Ct. No. DN130272) |
| v. | |
| MICHAEL JAMES HANNA, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Pennie K. McLaughlin, Commissioner.  Appeal is treated as a petition for writ of mandate, and the petition is denied.

Michael James Hanna, in pro. per., for Appellant.

Gower & Bluck and Samuel Bluck for Respondent Eden Irene Hanna.

Michael Hanna (Michael) appeals from an order granting his former spouse's motion to compel financial documents in a postdissolution proceeding involving child

support.  This discovery order is not appealable.  However, for judicial economy purposes, we grant Michael's request that we treat his appeal as a writ petition.

We deny the petition.  Michael did not meet his burden to show the court abused its discretion in granting the motion to compel or that there was any other prejudicial error in connection with the discovery ruling.

SUMMARY OF RELEVANT FACTS AND PROCEDURE

This case has a lengthy and complex procedural history.  However, we do not recount this history because it is not relevant to the narrow issue before us and Michael has designated only a limited appellate record.[1]

Eden Hanna (now Eden Nanci (Eden)) initially filed for dissolution in about 2003 after a brief marriage to Michael.  Within several years, the San Diego County Department of Child Support Services (Child Support Department) joined in the action apparently because of Michael's failure to pay required child support and Eden's receipt of social service benefits for their children.  (See Fam. Code, §§ 17303, 17304.)[2]  During the next nine years, the parties were involved in high conflict litigation involving child support and other issues.

---

[1]  In violation of appellate rules, Michael's entire factual statement is unsupported by any citation to the record.  (See *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60.)  We strike this statement and disregard any assertions in his briefs unsupported by the appellate record.  (*Ibid.*; *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.)

[2]  All further statutory references are to the Family Code.

2

In early 2013, several motions were pending in the family court before Judge Maureen Hallahan pertaining to Michael's challenges to various court commissioners' child support rulings and requests to modify ordered amounts ("Substantive Motions").[3]

While these motions were pending, on April 16, 2013, Eden served Michael with a document production request that sought 17 categories of financial information relating to: Michael's bank accounts; claimed disability income; other sources of income; pension or retirement plans; federal and state income tax returns; investments; financial statements; credit transactions; interests in partnerships or corporations; and employment agreements.

After being granted a continuance, Michael did not produce any responsive documents. Instead he objected to each request on the same grounds, and also claimed that after a "diligent search," he found no responsive documents. This objection read:

> "Objection on the grounds that this request is vague, ambiguous, overly broad, burdensome and oppressive and constitutes an unwarranted annoyance to and harassment of the responding party. Objection is further made on the grounds that this request seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that this request invades his right to privacy and improperly seeks confidential information. Without waiving the objections, and in the spirit of discovery, responding party responds as follows: respondent has made a diligent search and a reasonable inquiry in an effort to comply with this demand. *No such documents exist*."
> (Italics added.)

---

[3]    We grant Michael's August 11, 2014 request to augment the record with Judge Hallahan's January 8, 2013 order.

On July 8, 2013, while the Substantive Motions were still pending in Judge Hallahan's department, Eden filed a motion to compel the requested documents. Eden explained that she sought the documents because Michael's ability to pay child support was "currently at issue in the matter," and Michael's income and financial condition was relevant to the pending child support issues. Eden argued the requested documents contained "basic financial information" in "readily available, common documents" that would not be difficult to produce.

The next day, on July 9, Judge Hallahan held a brief hearing on the Substantive Motions, but then continued the hearing for three weeks.

At the continued hearing, on July 30, Judge Hallahan considered the Substantive Motions (including Michael's request for modification of his child support obligation and his requests for de novo review of rulings by various court commissioners). At the end of this hearing, Judge Hallahan said she would take the matters under submission. Michael responded that he had a "housekeeping issue" and then raised the issue of Eden's motion to compel. Michael stated that "[i]t's my understanding that this motion should be filed in the [Family Support Division] in Vista, under the jurisdiction of the Title IV Commissioner." Judge Hallahan agreed that the motion should be heard in the Family Support Division (a department within the San Diego County Superior Court), but said the motion was not "before me today." Judge Hallahan stated that if Michael believed Eden had filed the motion in the wrong department, he would have to file an objection or an opposition to the motion. Michael responded "Thank you, Your Honor."

4

Two weeks later, on August 14, while the Substantive Motions before Judge Hallahan were still pending, a hearing was held on Eden's motion to compel. The hearing was held in the Family Support Division before Commissioner Pennie McLaughlin. Present at the hearing were: Eden, Eden's counsel, and counsel for the Child Support Department. At the outset of the hearing, Eden's counsel stated that Michael had been served with the motion to compel through electronic service (pursuant to the parties' agreement) and was on actual notice of the hearing based on emails exchanged between the parties. Eden's counsel also noted that Michael had filed a written response to the motion to compel (this response is not contained in the appellate record). The Child Support Department's counsel said she had received emails from Michael regarding the changed location of the hearing, and that Michael had indicated that "due to the short notice and the change [in location] he could not participate today." The court responded that "this court denied [Michael's] request for a telephonic appearance" because Michael failed to provide necessary documentation to support this request. The court also indicated that Michael had been before the court on a prior occasion, and that his driver's license had been revoked for "noncompliance with the court orders."[4]

After being satisfied that Michael had adequate notice and an opportunity to appear at the hearing, the court moved forward with the hearing on Eden's motion to compel. Counsel briefly informed the court of the current status of the litigation, including that Michael is subject to an existing $791 monthly child support order;

---

[4] Michael's driver's license was restored before the August 14 hearing.

Michael has a pending motion challenging this amount in Judge Hallahan's court; Michael claims a monthly income of $3,140 reflecting disability income; and Michael has not been making the required support payments.

After considering these statements and the submitted papers, including Michael's written objections to the requested documents, the court granted Eden's motion to compel and ordered responsive documents to be produced by September 18. The court reasoned that the requested documents are "relevant insofar as they demonstrate the financial ability and what resources are available for purposes of arrears and/or ongoing support." However, the court limited the required responses to a two-year, rather than the requested three-year, period.

The court's minute order stated: "Court grants [Eden's] motion to compel . . . .[Michael] is ordered to supply financial information regarding checking/savings account & any documents reflecting income or money from January 1, 2011 . . . forward." The order stated that "[f]ailure to comply may result in sanctions," and "reserve[d] on that issue pending [Michael's] reply."

Two weeks later, Michael (representing himself) filed a notice of appeal from this August 14 discovery order. In the notice, Michael asked this court to treat his appeal as a writ petition if it determines the discovery order is not appealable.

## DISCUSSION

The court's August 14 minute order granting Eden's motion to compel is not appealable. (See *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432 ["There is no statutory provision for appeal from an order compelling compliance

6

with a discovery order."].)  However, based on Michael's request and for reasons of judicial economy, we choose to treat this appeal as a petition for writ of mandate.  As explained below, we conclude that Michael's challenges to the court's discovery order have no merit.

## I.  *Appellate Principles*

It is a fundamental tenet of appellate law that the lower court's ruling is presumed to be correct.  We make all reasonable inferences favoring the court's order, and affirm the judgment if any possible grounds exist for the trial court to have reached its factual conclusions.  (*Gee v. American Realty & Construction, Inc*. (2002) 99 Cal.App.4th 1412, 1416.)  Any ambiguity in the record is resolved in favor of the judgment.  (*Ibid*.)  It is the appellant's burden to provide an adequate record to overcome the presumption of correctness and show prejudicial error.  (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)

Issues raised that require analysis of facts outside the designated appellate record are "deemed waived."  (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.)  Additionally, an appellant challenging the factual basis of a court's conclusion must set forth, discuss, and analyze all the evidence on that point, both favorable *and unfavorable*.  (See *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.)

## II.  *Court's Discovery Ruling Was Proper*

We review a trial court's discovery orders for an abuse of discretion.  (*Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 379-380; *Zurich American Ins. Co. v. Superior Court* (2007) 155 Cal.App.4th 1485, 1493.)  "Where there is a basis for the trial

court's ruling and the evidence supports it, a reviewing court will not substitute its opinion for that of the trial court." (*Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1061.) A trial court's discovery orders will be reversed only for " 'arbitrary, capricious, or whimsical action.' " (*Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 9.)

The court ordered Michael to produce documents pertaining to his personal financial information. This type of information comes within the zone of privacy protected by the California Constitution. (*Harris v. Superior Court* (1992) 3 Cal.App.4th 661, 664 (*Harris*); *Moskowitz v. Superior Court* (1982) 137 Cal.App.3d 313, 315.) However, the privacy right "is not absolute and, upon a showing of some compelling public interest, the right of privacy must give way." (*Harris, supra*, at p. 664; see *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656-657; *Scull v. Superior Court* (1988) 206 Cal.App.3d 784, 790-791.)

In applying this balancing test, courts have long upheld orders requiring one spouse to disclose financial documents to the other spouse when child support is at issue. Each spouse has a compelling interest in "*complete* disclosure of all relevant information" to allow an independent review for purposes of determining disputed issues, including appropriate child support payments. (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 715; see also § 2100, subd. (c).) The state also has a compelling interest "to ensure that children receive adequate care and support" and to facilitate the just resolution of legal claims. (*Harris, supra*, 3 Cal.App.4th at p. 664; see also *Hansen v. Dept. of Social Services* (1987) 193 Cal.App.3d 283, 293; *Cunningham v. Superior Court* (1986) 177

8

Cal.App.3d 336, 339.) Accordingly, absent unusual circumstances, a spouse's right to full and complete information outweighs the other spouse's privacy rights in financial documents, particularly when there are disputed questions involving a spouse's financial condition/income and regarding the appropriate spousal or child support amount. (See *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1316-1320; *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1475-1494; see also *Thomas B. v. Superior Court* (1985) 175 Cal.App.3d 255, 261-262.)

Under these principles, the court did not abuse its discretion in determining the requested financial documents were relevant to the pending disputed issues (Michael's support obligations) and that the need for this information outweighed Michael's privacy rights. The record is devoid of any unusual circumstances showing the strong relevance of this routine financial information (checking and savings account information and documents reflecting income) is outweighed by Michael's asserted privacy rights. There are no facts showing the responsive documents (if any exist) contain information that is so confidential or private that Michael's privacy rights trump Eden's right to complete and full disclosure of Michael's financial condition on the continuing and pending disputes over child support issues. The court's order was not arbitrary or capricious.

III. *Michael's Procedural Challenges Are Meritless*

In his opening appellate brief, Michael did not assert that the court erred in balancing his right to privacy with Eden's right to the financial information. He instead raised several procedural contentions. None has merit.

9

### A.  *Pending Support Proceeding*

First, Michael contends the court had no authority to consider the motion to compel because there was no pending postdissolution proceeding.  He relies on statutes permitting limited postjudgment discovery *where there is no pending child or family support motion*.  (See § 3660 et seq.; *In re Marriage of Boblitt* (2014) 223 Cal.App.4th 1004, 1023.)  Under these statutes, if there is no pending support or modification motion, a parent may request that the other parent produce a current income and expense declaration, and under certain circumstances, the parent may also obtain income information from the other parent's employer.  (See §§ 3662, 3664, subds. (a), (b); see *Boblitt, supra*, at p. 1023.)  The purpose of this limited discovery is to "facilitate the 'inexpensive discovery of facts' *before the commencement* of a child support modification proceeding."  (*In re Marriage of Loh* (2001) 93 Cal.App.4th 325, 330; see § 3660.)

These provisions are inapplicable here because a motion for modification of the support order *was* pending before Judge Hallahan when Eden sought the discovery and when Commissioner McLaughlin ruled on Eden's motion to compel.  When there is a pending support motion, a party is not limited to the discovery identified in section 3664 and is instead entitled to seek discovery under the generally applicable civil discovery rules.  (§ 3662.)  Moreover, there is no showing that Michael objected to the discovery or the motion to compel based on his contention that the discovery went beyond the section 3660 procedure.  Because the issue of the existence and scope of the pending proceeding potentially involved factual questions, Michael's failure to raise the issue constituted a

10

forfeiture of his right to raise the issue on appeal. (See *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 560, 564.)

B. *Michael's Due Process Challenges*

Michael also contends the discovery order is "void for lack of jurisdiction" because his due process rights were violated. In support, he (1) cites comments made by Judge Hallahan at the July 9 hearing on the Substantive Motions; and (2) raises the issue whether the order was properly filed and/or heard in the Family Support Division of the San Diego County Superior Court. These arguments are without merit.

With respect to the July 9 hearing, Judge Hallahan made a comment about obtaining information from certain court commissioners in an effort to clarify background facts to assist in resolving a procedural issue that was a matter of substantial confusion at the hearing. We need not reach the issue of the propriety of this remark because the comment was unrelated to the August 14 discovery order at issue here. Judge Hallahan made clear she was not addressing Eden's discovery motion at the hearing. As Michael acknowledges, Judge Hallahan's comments and rulings resulting from the July 9 and July 30 hearings are the subject of a separate appeal currently pending before this court.

We also find unavailing Michael's challenges to the authority of the Family Support Division to rule on his discovery motion. Without providing a supporting record citation, Michael asserts that Eden initially filed her motion to compel in the Family Court "under Department F-5" (Judge Hallahan's courtroom) and argues that the motion

11

was not thereafter properly or officially "transfer[red]" to the Family Support Division when it was heard by Commissioner McLaughlin on August 14.

Even assuming these assertions are factually supported, they do not show any prejudicial error. The record affirmatively establishes that Michael was aware that Eden's motion to compel was going to be heard in the Family Support Division on August 14. At that hearing, Commissioner McLaughlin stated that Michael had asked to participate *at this hearing* through telephonic means, but the court denied this request because of the lack of appropriate supporting documentation. Michael does not challenge this decision, or cite to any facts showing he did not have adequate notice of the time, date, and place of this hearing. Moreover, two weeks earlier, Michael specifically argued that the motion to compel "*should*" be heard in the Family Support Division by a Title IV-D commissioner (such as Commissioner McLaughlin) rather than by Judge Hallahan.[5] (Italics added.) Judge Hallahan agreed.

Michael argues that we should reverse the court's order because of an unidentified procedural "irregularity" in the filing or transfer of the motion from Family Court to the Family Support division. This argument is without merit. The Family Court and the Family Support Division are both departments within the San Diego County Superior

---

[5] In family law parlance, a "Title IV-D" matter refers to an action for child or family support that (as here) is brought by (or otherwise involves) the local child support agency under Title IV-D of the Social Security Act. (See §§ 17303, 17304; Cal. Rules of Court, rule 5.300(c); see also *County of Yuba v. Savedra* (2000) 78 Cal.App.4th 1311, 1317.) This statutory scheme provides that all Title IV-D support enforcement actions filed by the local agency (and certain related support actions) shall be heard by a Title IV-D child support commissioner. (See §§ 4251, subd. (a), 17404, subd. (e)(4).)

Court. The filing of a motion in one department does not preclude the other department from ruling on the motion (assuming the parties' notice and opportunity to be heard). The procedural transfer of the filed document between the two departments or divisions *of the same court* had no conceivable impact on Father's statutory or due process rights, particularly where the evidence shows Father had actual notice of the date, time, and location of the hearing.

Michael's reliance on section 4251, subdivision (a) does not advance his argument. That code section provides that Title IV-D child support cases filed by the local child support agency shall be heard by child support commissioners. However, in this case, a Title IV-D court commissioner did preside over the discovery motion. That is precisely what Michael requested in the court below and what he is asking for in his appellate briefs.

IV. *Michael's Sanctions Request*

Michael requests that we award sanctions against Eden. We reject this contention, finding no basis for such award.

We note that many of Michael's appellate arguments border on the frivolous. Additionally, Michael has violated numerous well-established appellate rules, including the requirement that all factual assertions be supported by a citation to the appellate record and that legal arguments must be supported, explained and developed. (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.)

Although we recognize that Michael is not represented by an attorney in this appeal, unrepresented litigants are held to the same standards as attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) We caution Michael that before he files any other appellate briefs or motions, he should inform himself of the applicable rules and follow those rules.

## DISPOSITION

Michael Hanna's appeal is treated as a petition for writ of mandate. We deny the petition. Michael Hanna is ordered to pay respondent's costs in this writ proceeding.

HALLER, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

14